PASQUALLE MELLILO, TRADING AS FIRST STREET SERV-
ICE GARAGE, PLAINTIFF-RESPONDENT, v. TIFFANY
OIL BURNER COMPANY, A CORPORATION, AND SU-
PERIOR FINANCE CORPORATION, A CORPORATION
(APPELLANT), DEFENDANT-APPELLANT.

Submitted January 28, 1927—Decided May 21, 1927.

Replevin—Suit For Repairs to Motor Vehicle—Many Unusual
Circumstances Apparent but Defendant-Appellant, a Finance
Corporation, Notwithstanding the Irregularities, Appeared
Generally and Participated in the Trial—Judgment For
Plaintiff-Respondent For Amount of His Repair Bill—On
Appeal, Appellant Cannot Now be Heard to Object to Juris-
diction of Court—Appellant Cannot Now Assert That Its
Claim is Superior to the Garageman's Lien Claim—Judg-
ment Affirmed.

On appeal from the Second District Court of Newark.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellant, *Green & Green* (*Harry Green,* of
counsel).

For the respondent, *Ernest L. Quackenbush.*

PER CURIAM.

Pasqualle Mellilo, a garage keeper, obtained a judgment
in the Second District Court of Newark, against the Superior
Finance Company, for the sum of $194.62, due him for re-
pairs done to a truck claimed to be owned by the finance com-
pany under a conditional sales agreement. From this judg-
ment the finance company appeals.

The pertinent facts are that the truck being in the posses-
sion of Mellilo, was held by him for repairs made to it. The
finance company demanded a statement of the charges and
was given an amount much in excess of the sum appellant
conceded to be due. It, therefore, on December 17th, 1925,

procured a writ of replevin to issue in the District Court in accordance with the Garage Keepers' Lien act of 1915 (chapter 270), as amended in 1922 (chapter 231), entered a bond as required by the act and obtained possession of the truck.  Mellilo, on January 15th, 1926, filed a statement of demand for the repair bill designating the finance company as the defendant.  Appellant's counsel then filed what it terms a special appearance for the defendant, assigning reasons therefor that it was not served with process and had never entered an appearance.  Matters remained in this condition until October 11th following, when the case was called for trial.  At that time a long discussion arose between the court and counsel concerning another action begun by Mellilo, but it finally resulted in counsel for the finance company appearing generally as stated to the court, "for the whole thing."  The case then proceeded to trial, in which both sides called witnesses on the merits of Mellilo's claim, and judgment was finally entered as above stated.

The appellant contends, first, that it was not legally in court because not served with summons.  The statute is somewhat vague as to the method of procedure on the claim.  It directs that the lien claimant shall file his state of demand or complaint within thirty days after the issuance of the writ of replevin and that the filing of a bond or depositing of cash by the plaintiff in replevin shall be considered as the entry of a written appearance by the owner in the action which the lien claimant may bring within thirty days.  The record shows that Mellilo did issue a summons in an action for his claim, but it was never served.  The statement of claim was filed within thirty days (whether in the replevin or contract action does not clearly appear) and the case later proceeded to trial on its merits, both parties, as stated, calling witnesses as to the justness of the claim.

In this situation we think it unnecessary to pass upon the irregularity in the proceeding.  The trial court undoubtedly had jurisdiction of the subject-matter, and by the appellant's appearance generally and participation in the trial acquired jurisdiction of it as a corporation.  Appellant will not now

be heard to object to the jurisdiction to which it voluntarily submitted. *State* v. *Rosenblum*, 3 *N. J. Adv. R.* 1713; *State* v. *Baker*, 3 *N. J. Mis. R.* 324.

The second point argued is that the finance company was not permitted to show that it was the holder of a lien superior to the rights of the garageman's claim by virtue of a conditional sale contract; the court holding that the right to so claim was waived when the replevin was issued and based on the contention that the claim was unreasonable.

The offer was to show that the finance company was the assignee of the conditional sale agreement between the John A. McCrane Motor Company and the Tiffany Oil Company by assignment from the McCrane Motor Company. By the agreement the balance of the purchase price of the truck was to be paid in installments, and proof was tendered that default had occurred in the payment of such installments, whereby the right of possession and property accrued to the plaintiff in the action of replevin. Rights reserved under conditional sales or held by virtue of chattel mortgages are declared by section 1 of the amendment of 1925 (chapter 96) to be superior to the garageman's lien when such conditional sales or chattel mortgages are properly recorded.

It is contended by the respondent that the sale agreement was not properly recorded, and further that the replevin prescribed by the act in the present case does not contemplate its use as an instrument for testing such alleged superior rights, and that for this latter purpose the ordinary writ of replevin is alone available.

Offer was made by the plaintiff to show that the sales agreement was recorded and this offer was overruled. To this ruling of the judge an exception was taken, but it is not assigned for error here nor made a ground of appeal. The contract itself was offered in evidence, but fails to show that the instrument was ever recorded. This being true it is unnecessary to consider the view held by the court that the priority as between the claim of the garageman and the conditional sale of the vendor could not be litigated in this action.

The last point urged is that in claiming a larger sum than due the claimant was guilty of fraud and thereby lost his lien. This, if raised, would present a question of fact, the determination of which this court cannot review.

The judgment is affirmed.